Matter of Cuomo v JAMS, Inc. (2025 NY Slip Op 05454)

Matter of Cuomo v JAMS, Inc.

2025 NY Slip Op 05454

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: 1Manzanet-Daniels, J.P., Kennedy, Shulman, Michael, Hagler, JJ. 

Index No. 652945/23|Appeal No. 4877-4878|Case No. 2024-02157, 2024-02517|

[*1]In the Matter of Christopher Cuomo, Petitioner-Appellant,
v
JAMS, Inc., et al., Respondents-Respondents.

Geragos & Geragos, APC, New York (Tina Glandian of counsel), for appellant.
Elman Freiberg PLLC, New York (Yelena Rapoport of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 12, 2024, which denied petitioner's motion for leave to conduct discovery and granted respondents' motion for summary judgment dismissing the proceeding brought pursuant to CPLR article 75 to stay a pending arbitration and disqualify the arbitrator selected by the parties, unanimously affirmed, with costs.
Petitioner argues that the arbitrator failed to disclose four CNN-related matters that Paul Hastings LLP's labor and employment division had worked on during his employment in that division, albeit he did not personally handle the cases, and that he personally handled a CNN matter for three months in 2003, which generated legal fees under $3,000 (2003 Matter). The arbitrator's formal disclosure stated that during his employment at Paul Hastings, attorneys in that law firm may have worked on matters that concerned the parties, but he had no personal recollection of those matters. As for the 2003 Matter, the arbitrator averred in a new affidavit that he had no recollection of the matter.
The court properly concluded that petitioner failed to raise a triable issue of fact (see Matter of TCR Sports Broadcasting Holding, LLP v WN Partner, LLC, 153 AD3d 140, 143-144, 150-151 [1st Dept 2017], affd as mod 40 NY3d 71 [2023]). Petitioner did not set forth facts to indicate that the arbitrator was biased in his handling of the arbitration for nearly a year. Petitioner's counsel had no objection to the 39 orders issued thus far in the arbitration. Nor did counsel claim there was any misconduct on the part of the arbitrator, and was willing to proceed with the arbitration, but only if a new arbitrator was selected by the parties. However, an arbitrator may not be disqualified solely because of his relationship to a party, but rather, upon facts demonstrating partiality to a litigant (see Matter of Astoria Med. Group [Health Ins. Plan of Greater N.Y.], 11 NY2d 128, 137 [1962]; Matter of Zurich Am. Ins. Co. v HBC US Holdings, Inc., 234 AD3d 465, 466 [1st Dept 2025]).
Petitioner's request for discovery to explore the arbitrator's veracity on whether he could recall the prior CNN matters while he was employed at Paul Hastings was properly denied as not material and necessary, as it is grounded only in speculation that the arbitrator was not forthright in his recollection. Further, while the arbitrator's relationship with CNN was "direct" in connection with the 2003 Matter, the 20-year-old representation matter was of short duration (three months) and involved little pecuniary value (see Matter of TCR Sports Broadcasting Holding, LLP, 153 AD3d at 151), and the arbitrator twice averred that he does not recollect it.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025